Opinion of the Court by
Chief Justice Bibb.
Mrs. Murphy was devisee foe life of two slaves with remainder to her children. After the date of the will of her father, but before the death of the testator, negro Absalom was born of the female slave, devised to Mrs. Murphy. Upon the death of the testator, Absalom, as well as the slaves devised were delived over to Mrs. Murphy, the executors supposing f hat Absalom born in the life time of the testator, of the female slave devised to Mrs. Murphy, passed to her by the devise.
During the life of Mrs. Murphy, other negroes were born of the females devised to her for life. After her death, her husband, Richard Murphy, detained Absalom, as well as all the children born during the possession of the tenant for life, claiming them as his.
Upon the bill filed by some of the children of Mrs. Murphy, against the others, and against Richard Murphy, the husband, the circuit court decreed, Absalom and all the other slaves in contest, to be divided between the children; but because the number of children and of the slaves did not admit of a division in severalty, by giving to each a separate estate in fee, the negroes were sold under the decree of the court, Absalom with the rest, and the money was divided and distributed. This sale was made on the 12th of September, 1811, and Absalom was purchased by Joseph M’Cormack, (a stranger to the suit,) at the price of four hundred and five dollars, as appears by the report of the commissioners, returned and confirmed.
By the former decree of the Court of Appeals, (in May 1819,) the right of the children of Mrs. Murphy to the slaves born during the life and possession of Mrs. Murphy, was affirmed, and so much of the decree as awarded hire for those slaves, against *87 Richard during his detention, was also affirmed; but the assessment of that hire by a jury was reversed, and ordered to be made by commissioners.
Like decree where the slave descended disapproved.
Proceedings in the circuit court on the mandate of this court
One who has by mistake gotten more than he was entitled to, will not be assisted to catch farther gain on the mistaken principle.
And the decree of the circuit court was declared erroneous ”so far as it embraces the slave Absalom, as be (having been born before the death of the testator.) did not pass by the will to Kezia, (Mrs. Murphy,) or to her children.”
The cause was remanded for further proceedings according to the principles of the decree of the Court of Appeals,
The circuit accordingly appointed commissioners to assess the hire of Jenny, Ciner, Lewis and Celia, detained by R. Murphy; who reported the hire during the detention, amounting to $353 30.— To this report there was no exception.
But because Absalom had been sold under the decree, before the reversal, and bought by a stranger, and therefore, no restitution could be made, the court empannelled a jury to ascertain his value at the time of the sale aforesaid, who found it $105—the same sum for which he sold under the decree of the court.
Whereupon, the court decreed to Richard Murphy, the husband of Kezia, the said sum of $405, after deducting therefrom, the hire of the slaves detained as assessed by the commissioners.
To this decree, Richard Murphy prosecutes this writ of error, and complains, that the court gave him less than he was entitled to have, and of the costs decreed against him.
The court below restored the money for which Absalom was sold; but Murphy claims hire and interest. We see nothing to entitle him to either. Absalom was not his of right, unless the acquiescence of the executors under the mistake as to the right of his wife and her children, had confirmed and converted his possession into right. He is not content with the gain he has already by this mistake, but seeks for more. We see no principle which requires a court of equity to help him to catch greater *88 gain. The former decree of the Court of Appeals? neither ordered restitution of Absalom, nor of the money for which he sold.
Costs.
As to the costs, the circuit court ordered each party to pay his own costs after the return of the c use under t he mandate of the Court of Appeals—And all other costs were decreed against Murphy, who had driven the complainant into court by withholding all the negroes. Although the complainants were not entitled to Absalom, they were to the rest, and their hire-there is no error in the decree for costs.
Decree affirmed with costs.